UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MATTHEW JOHN YMBRAS,

            Plaintiff,

-against-

INSERRA SUPERMARKETS, INC. and
SHOPRITE OF STONY POINT.,

            Defendants.

**ORDER**

24-CV-00066 (PMH)

PHILIP M. HALPERN, United States District Judge:

Inserra Supermarkets, Inc. and Shoprite of Stony Point ("Defendants") filed a Notice of Removal on January 5, 2024, removing this action from the Supreme Court of the State of New York, County of Rockland, to this Court. (Doc. 4, "Not. of Removal").

For the reasons set forth below, this action is REMANDED to the Supreme Court of the State of New York, County of Rockland.

## BACKGROUND

Defendants filed a Notice of Removal on January 5, 2024, which attached: (A) Summons and Verified Complaint (Doc. 4-1, "Compl."); (B) Affidavit of Service of Summons and Complaint (Doc. 4-2); (C) Defendants' Answer to Verified Complaint (Doc. 4-3); (D) New York State Department of State's Division of Corporations Information Sheet for Inserra Supermarkets, Inc. (Doc. 4-4); (E) Plaintiff's Response to Demand for Amount of Claimed Damages Pursuant to CPLR 3017(c) (Doc. 4-5); (F) Defendants' Requests to Admit dated October 9, 2023 (Doc. 4-6).

Defendants claim that this Court has subject matter jurisdiction over this dispute under 28 U.S.C. § 1332 "based on diversity of citizenship of the parties." (Not. of Removal ¶ 3). Plaintiff alleges in the Complaint that "at the time of the commence of the commencement of this action [Plaintiff] was and still is a resident of the County of Rockland, Sate of New York." (Compl. ¶ 1).

Defendants allege in the Notice of Removal that "Inserra Supermarkets, Inc. is a foreign business corporation incorporated in New Jersey, with its principal place of business in Mahwah, New Jersey" and that "Shoprite of Stony Point is merely a store identifier, not a legal entity, and thus has no citizenship." (Not. of Removal ¶ 4). Defendants further allege that Plaintiff's failure to timely respond to Defendants' Notice to Admit "results in [P]laintiff admitting that as of the time of the instant cause of action arose, [P]laintiff was in fact a citizen of the State of New York" pursuant to CPLR § 3122 (*Id.* ¶ 11). Plaintiff stated in its Response to Demand for Amount of Claimed Damages that he "claims damages in the sum of one million dollars." (Doc. 4-5).

## STANDARD OF REVIEW

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." 28 U.S.C. § 1441(a). "The [federal] district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States." 28 U.S.C. § 1332(a). "An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile." *Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). "Allegations of residency alone cannot establish citizenship." *Canedy v. Liberty Mutual Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997).

"The Supreme Court has held that the party asserting diversity jurisdiction in federal court has the burden of establishing the existence of the jurisdictional amount in controversy." *Villafana v. So*, No. 13-CV-00180, 2013 WL 2367792, at *1 (S.D.N.Y. May 29, 2013) (quoting *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273 (2d Cir. 1994)). Therefore, "the party seeking to invoke jurisdiction under 28 U.S.C. § 1332(a) bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete." *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315,

322–23 (2d Cir. 2001). Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Nguyen v. FXCM Inc.*, 364 F. Supp. 3d 227, 237 (S.D.N.Y. 2019) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)).

## ANALYSIS

Defendants assert that diversity of citizenship exists because "Plaintiff is a citizen of the State of New York" and "[D]efendant is a foreign business corporation, incorporated in the State of New Jersey and having its principal place of business in New Jersey." (Not. of Removal ¶ 13). Defendants provide two bases for their assertion of Plaintiff's citizenship: (1) Plaintiff failed to respond to Defendants' Request to Admit regarding Plaintiff's citizenship, which "results in plaintiff admitting that as of the time the instant cause of action arose, plaintiff was in fact a citizen of the State of New York"; and (2) "in [P]laintiff's summons and Complaint, [P]laintiff alleges he resides in Rockland County." (*Id.* ¶ 11).

Plaintiff's failure to respond to Defendants' Notice to Admit is insufficient to establish citizenship for jurisdictional purposes. *See Debra Hogue v. BJ's Wholesale Club, Inc.*, No. 22-CV-04829, 2022 WL 2256291 (S.D.N.Y. June 23, 2022) (holding that a plaintiff's failure to respond to a Notice to Admit "in its entirety would not establish the amount in controversy"); *Oakes v. Cheesecake Factory Rests., Inc.*, No. 20-CV-00269, 2020 WL 2850149, at *2 (N.D.N.Y. June 2, 2020) ("In this Circuit, courts have found that defendants have not met their burden to show that there is a reasonable probability that the amount in controversy exceeds $75,000 when the plaintiff fails to respond to the Notice to Admit."); *Baran v. Home Depot U.S.A., Inc.*, No. 16-CV-03000, 2016 WL 8711362, at *2 (E.D.N.Y. June 10, 2016) (defendant's "unsupported argument that, because Plaintiff failed to properly respond to [a] Notice to Admit, he therefore 'admitted' that the

3

amount in controversy exceed[ed] $75,000" was insufficient to meet defendant's burden establishing that the amount in controversy was met). Plaintiff's allegations in the Complaint—which concern Plaintiff's residence—are likewise insufficient to establish his citizenship for jurisdictional purposes. *See Adrian Fam. Partners I, L.P. v. ExxonMobil Corp.*, 79 F. App'x 489, 491 (2d Cir. 2003) ("[i]t is well established that a statement of residence, unlike domicile, tells the court only where the parties are living and not of which state they are citizens."); *Canedy*, 126 F.3d at 103 ("Allegations of residency alone cannot establish citizenship.").

Thus, as federal courts are instructed to "construe the removal statute narrowly, resolving any doubts against removability," Defendants arguments regarding Plaintiff's citizenship are insufficient for the Court to determine by a preponderance of the evidence that complete diversity of citizenship has been established in this action. *Lupo*, 28 F.3d at 274 (quoting *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1046 (2d Cir. 1991))

## **CONCLUSION**

Based upon the foregoing, the Court concludes that Defendant failed to satisfy its burden of establishing complete diversity of citizenship. Removal is therefore improper. Accordingly, this action is REMANDED to the Supreme Court of the State of New York, County of Rockland.

The Clerk of the Court is respectfully directed to send a copy of this Order to the Supreme Court of the State of New York, County of Rockland, and to close this action.

All pending matters and scheduled conferences are hereby terminated.

Dated: White Plains, New York
       January 10, 2024

**SO ORDERED:**

_____
Philip M. Halpern
United States District Judge